**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAUL U. CUYUN-ROSALES, | No. 11-73631 |
| Petitioner, | Agency No. A030-440-281 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2013**

Before:    PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Raul U. Cuyun-Rosales, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's removal order.  Our jurisdiction is governed by 8 U.S.C.

§ 1252.  We review de novo questions of law.  *Delgado-Hernandez v. Holder*,

---

  *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

697 F.3d 1125, 1126 (9th Cir. 2012) (per curiam). We dismiss the petition for review.

We lack jurisdiction to review the agency's removal order because Cuyun-Rosales's conviction for kidnapping under California Penal Code § 207(a) categorically constitutes an aggravated-felony crime of violence under 8 U.S.C. § 1101(a)(43)(F) that renders him removable under 8 U.S.C. § 1227(a)(2)(A)(iii). *See* 8 U.S.C. § 1252(a)(2)(C) (eliminating jurisdiction to review removal orders predicated on convictions for aggravated felonies); *see also Delgado-Hernandez*, 697 F.3d at 1133 ("[A]n ordinary kidnapping under [California Penal Code] § 207(a) is a crime of violence because it results in a substantial risk of force.").

Cuyun-Rosales contends that his offense does not categorically constitute a crime of violence because the statute of conviction is both overbroad and missing an element of the generic definition of kidnapping. Because this court's case law forecloses Cuyun-Rosales's contentions, they are not questions of law sufficiently colorable to invoke our jurisdiction under 8 U.S.C. § 1252(a)(2)(D). *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009) ("To be colorable in this context , . . . the claim [or question] must have some possible validity." (citation omitted)); *see also Delgado-Hernandez*, 697 F.3d at 1127 ("Because [California

Penal Code] § 207(a) is categorically a crime of violence, we need not rely on the modified categorical analysis.").

**PETITION FOR REVIEW DISMISSED.**